UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| INTER-MEDICAL, INC., | § |
| | § |
| Plaintiff, | § |
| | § CIVIL ACTION NO. 4:19-CV-02795 |
| vs. | § |
| | § |
| U.S. DEPARTMENT OF HEALTH AND | § |
| HUMAN SERVICES, CENTERS FOR | § |
| MEDICARE AND MEDICAID SERVICES, | § |
| and GERARDO ORTIZ | § |
| | § |
| Defendant. | § |

**DEFENDANT'S MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

This Court should dismiss *Plaintiff's Original Complaint* (Dkt. # 1) for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Though Defendant has not rendered a final agency decision on Plaintiff's May 14, 2019 *Touhy* request, Plaintiff prematurely seeks judicial review under the Administrative Procedure Act (APA), 5 U.S.C. § 701, et. seq. Because Defendant has not rendered a final decision, this complaint is not ripe for judicial review and Plaintiff's action should be dismissed.

**I.    SUMMARY OF ARGUMENT**

Plaintiff filed an action under 5 U.S.C. §§ 701-706, while the Centers for Medicare & Medicaid Services (CMS) was still in the decision-making process, alleging that CMS had denied its second *Touhy* request for testimony dated May 14, 2019. (Dkt. # 1). CMS opposes Plaintiff's action on the ground that CMS has not issued a final agency decision on the *Touhy* requests for testimony on which Plaintiff brings this Administrative Procedure Act (APA) action.

For the reasons discussed herein, Plaintiff has failed to establish that this Court has subject

matter jurisdiction pursuant to the APA. (Dkt. # 1, ¶ 4). In addition, Plaintiff has failed to demonstrate that CMS has rendered a final agency decision and denied its May 14, 2019 *Touhy* request. Thus, the Court does not have subject-matter jurisdiction, and it is not the Court's place to issue CMS's decision on that *Touhy* request. Accordingly, Plaintiff's action should be dismissed.

## II.     BACKGROUND

Plaintiff is involved in a private state court lawsuit, *Inter-Medical, Inc. v. St. Joseph Medical Center*, Cause No. 2016-54649, in the 127th Judicial District of Harris County, Texas. (Dkt. #s 2-1, 2-2, 2-3). This lawsuit concerns a contract dispute over the "Agreement for Dialysis Services" (Agreement) entered into between Plaintiff, Inter-Medical, Inc. and St. Joseph Medical Center (SJMC). *Id*. SJMC operates two hospitals in Houston, Texas, and participates in the Medicare program. *Id*. The United States Department of Health and Human Services (HHS or the Department), through CMS, administers the Medicare program. Plaintiff provided in-patient dialysis services to SJMC's patients at both of its facilities. *Id*. According to Plaintiff the testimony of Gerardo Ortiz, CMS Associate Regional Administrator, Division of Survey and Certification, was critical to its private state court litigation. (Dkt. # 1, ¶¶ 12-13).

Consequently, Plaintiff, by email dated June 1, 2018, sent a request to CMS asking to depose Mr. Ortiz in this state court litigation.[1] Def. Ex. A. On June 5, 2018, HHS Office of the General Counsel responded to Plaintiff's email, and advised that Mr. Ortiz's deposition testimony was subject to the *Touhy* regulations at 45 C.F.R. Part 2, and the request for testimony must be approved by the head of CMS.[2] Def. Ex. B. On June 27, 2018, Plaintiff sent a *Touhy* request to Renard Murray, CMS Consortium Administrator, seeking approval for the deposition testimony

---

[1] A copy of Defendant's Exhibit "A" is attached.
[2] A copy of Defendant's Exhibit "B" is attached.

2

of Gerardo Ortiz in the private state court litigation. (Dkt. # 4-2). Plaintiff indicated that the testimony of Mr. Ortiz was required in order to provide a defense of the allegations made by the Defendant in the private litigation, and that Mr. Ortiz had specific and unbiased knowledge regarding the conditions and medical services provided throughout Defendant's hospital. *Id*. On July 24, 2018, CMS Consortium Administrator Renard Murray denied Plaintiff's *Touhy* request for the deposition testimony of Gerardo Ortiz. (Dkt. # 4-3). In responding to Plaintiff's reasons why Mr. Ortiz's testimony should be approved, Mr. Murray found that Plaintiff provided no information to demonstrate that knowledge of the quality of medical services provided by Plaintiff was unavailable from other sources. *Id*. Also, he found that the requested testimony was not in the interest of the Department or the federal government. *Id*. Mr. Murray concluded that his decision not to authorize the requested testimony was in keeping with the Department's policy to maintain strict impartiality with respect to private litigants and to minimize the disruption of official duties under the *Touhy* regulations. *Id*.

On May 14, 2019, Plaintiff again sent a *Touhy* request to Renard Murray, CMS Consortium Administrator, seeking approval for the deposition testimony of Gerardo Ortiz in the state court litigation. (Dkt. # 4-4). Plaintiff presented new evidence to support the request in respond to CMS's decision letter dated July 24, 2018. *Id*. Plaintiff also attached a copy of an unsigned and undated proposed draft subpoena to be served on Mr. Ortiz if the testimony was approved by the head of CMS. *Id*. Plaintiff indicated that the testimony of Mr. Ortiz was not reasonably available from another source because: (1) CMS had sole access to the requested testimony; (2) CMS knew the true cause of CMS's survey; (3) CMS made the decision to terminate the hospital's Medicare provider agreement; and (4) CMS made the decision to enter into a systems improvement agreement (SIA). *Id*. Plaintiff claimed that although the Defendant hospital was also a direct

3

party, its executives lacked the essential knowledge regarding the Medicare program, CMS involvement, and the conduct of the surveys. *Id*. In fact, Plaintiff alleged that the hospital executives directed Plaintiff to CMS. *Id*. Additionally, Plaintiff indicated that the testimony was in the interest of the Department and the federal government because it concerned the proper administration of the Medicare program; it would provide clarification of Medicare's conditions of participation to its direct and indirect participants; and it would promote and ensure quality care to Medicare patients. *Id*.

On July 30, 2019, Plaintiff filed this action, while CMS was still in the decision-making process. (Dkt. # 1). Plaintiff argued that CMS failed to respond to its renewed *Touhy* request and that this failure to respond amounted to a functional denial of its request, and constituted a final agency action pursuant to 5 U.S.C. § 704. (Dkt. # 1, ¶ 17).

### III. STATUTORY AND REGULATORY FRAMEWORK

Pursuant to the federal "housekeeping" statute, a federal agency may promulgate regulations regarding the disclosure of information, including procedures for responding to requests for production of documents and testimony by agency employees. *See* 5 U.S.C. § 301; *see also United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 469-70 (1951). These regulations known as *Touhy* regulations recognize the authority of agency heads to restrict the testimony of their subordinates. *COMSAT v. Nat'l Sci. Found.*, 190 F.3d 269, 272 n. 3 (4th Cir. 1999); *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 66, 69 (D.D.C. 1998). Once an agency has enacted valid *Touhy* regulations, an agency employee cannot be forced to testify. *Houston Bus. Journal, Inc. v. Office of Comptroller of Currency*, 86 F.3d 1208, 1212 (D.C. Cir. 1996).

The *Touhy* process and the court's subsequent review of the final agency action under the APA can be summed as follows:

> "When a litigant seeks to obtain documents from a non-party federal governmental agency, the procedure varies depending on whether the underlying litigation is in federal or state court. In state court the federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena … . Moreover, a court cannot enforce a subpoena against an employee of the federal governmental agency when the agency has validly enacted a regulation .. that withdraws from employees the power to produce documents … . Thus, a state-court litigant must request the documents from the federal agency pursuant to the agency's *Touhy* regulations … . If the agency refuses to produce the requested documents, the sole remedy for the state-court litigant is to file a collateral action in federal court under the APA."

*Rimmer v. Holder*, 700 F.3d 246, 262 (6th Cir. 2012) (quoting *Houston Bus. Journal*, 86 F.3d at 1211-12.

The Department's *Touhy* regulations are found at 45 C.F.R. §§ 2.1 – 2.6. Section 2.1 reads, in part:

> The availability of Department employees to testify in litigation not involving federal parties is governed by the Department's policy to maintain strict impartiality with respect to private litigants and to minimize the disruption of official duties.

45 C.F.R. § 2.1(b). Furthermore, under the Department's *Touhy* regulations:

> No employee or former employee of the Department may provide testimony or produce documents in any proceedings to which this part applies concerning information acquired in the course of performing official duties or because of the person's official relationship with the Department unless authorized by the Agency head pursuant to this part based on a determination by the Agency head, after consultation with the Office of the General Counsel, that compliance with the request would promote the objectives of the Department.

45 C.F.R. § 2.3. The procedures under which a party may request the testimony of a Department employee are set forth in Section 2.4(a), which provides that:

> All requests for testimony by an employee or former employee of the Department in his or her official capacity and not subject to the exceptions set forth on Section 2.1(d) of this Part must be addressed to the Agency head in writing and must state the nature of the requested testimony, why the information sought is unavailable by any other means, and the reasons why the testimony would be in the interest of the Department or the federal government.

45 C.F.R. § 2.4(a). Therefore, a party requesting the testimony of a Department employee must:

(1) submit a request in writing which describes the nature of the testimony sought; (2) explain why

5

the testimony is unavailable by other means; and (3) state why the testimony would be in the interest of the Department or the federal government." *Teva Parenteral Meds., Inc. v. U.S. Dep't of Health and Human Servs.*, No. 11-cv-0470 (RLW), 2012 WL 4788053, at *2 (D.D.C. Oct. 9, 2012).

## IV.    LEGAL STANDARD

Under the APA, a court is allowed to set aside an agency action only if it finds it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 706(2)(A). "The party challenging the agency's action bears the burden of proof." *Teva Parenteral*, 2012 WL 4788053, at *3 (citing *Schweiker v. McClure*, 456 U.S. 188, 196 (1982)). In reviewing an agency action under the APA, the court considers "the administrative record already in existence, not some new record made initially in the reviewing court." *Kroger Co. v. Reg'l Airport Auth. Of Louisville & Jefferson Cnty.*, 286 F.3d 382, 387 (6th Cir. 2002) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).

In reviewing an agency's decision pursuant to promulgated *Touhy* regulations under the APA, the court reviews the whole administrative record. *Hasie v. Office of Comptroller of the United States*, 633 F.3d 361, 365 (5th Cir. 2011); *Menard v. Fed. Aviation Admin.*, 548 F.3d 353, 357 (5th Cir. 2008). However, that review is limited to a determination as to whether the agency's decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Id.* Under this highly deferential standard, the reviewing Court may not substitute its judgment for that of the agency. *Hassie*, 633 F.3d at 365 (citing *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). Therefore, the Court's review is limited to determining whether the agency examined the evidence before it, relied upon the relevant regulatory factors, and articulated a sufficient explanation for its action including a rational

connection between the facts found and the choice made. *Motor Vehicle*, 463 U.S. at 43 (quoting *Burlington Trucking Lines v. United States*, 371 U.S. 156 (1962)).

## V. ARGUMENT

### A. Plaintiff has failed to establish that this Court has subject matter jurisdiction pursuant to the APA.

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d at 161. The district court must dismiss the action if it finds that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Plaintiff has failed to establish that this Court has subject matter jurisdiction pursuant to 5 U.S.C. § 704. The APA explicitly requires that an agency action be final before a claim is ripe for judicial review. 5 U.S.C. § 704; *see Air Espana v. Brien*, 165 F.3d 148, 152 (2d Cir. 1999) (citing *DRG Funding Corp. v. Sec'y of Hous. and Urban Dev.*, 76 F.3d 1212, 1214 (D.C. Cir. 1996)). An action's finality is not determined by the agency's semantic characterization, but by an evaluation of whether the agency has completed its decision-making process, and whether the result of that process is one that will directly affect the parties. *Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992). As explained below, Plaintiff has failed to demonstrate that CMS has rendered a final decision on the May 2019 *Touhy* request. *Air Espana*, 165 F.3d at 152.

7

### B. Plaintiff's action is premature because CMS has not issued a final agency decision, and the Court cannot review an administrative record that is not complete.

Plaintiff failed to demonstrate that CMS has completed its decision-making process and denied its May 14, 2019 *Touhy* request. Though CMS did issue a final decision on Plaintiff's first *Touhy* request dated June 27, 2018, Plaintiff submitted new evidence in a renewed request dated May 14, 2019. CMS has not yet issued a final agency decision on the *Touhy* request dated May 14, 2019. (Dkt. # 4-4). Thus, CMS was still in the decision-making process when Plaintiff filed this action on July 30, 2019. (Dkt. # 1). CMS did not have an opportunity to examine all of the arguments in the May 2019 *Touhy* request, review the relevant *Touhy* regulatory factors, and provide a rational decision. *Motor Vehicle*, 463 U.S. at 43. Plaintiff's *Touhy* request dated May 14, 2019 did not specify a date for the requested deposition testimony, and CMS was attempting to render a decision within a reasonable time. The Department's *Touhy* regulations do not impose a deadline for responding to requests for testimony of federal employees. 45 C.F.R. §§ 2.1 – 2.6. Also, it cannot be demonstrated that CMS's decision-making process was unreasonable and has caused delay or prejudice to Plaintiff's state court litigation.

Plaintiff argued that CMS's failure to respond to its latest *Touhy* request amounted to a denial and constituted a final agency action. (Dkt. # 1, ¶ 17). However, Plaintiff did not cite any regulatory authority or case law that supports its position. Accordingly, Plaintiff has failed to demonstrate that CMS has rendered a final decision. *Air Espana*, 165 F.3d at 152. Because CMS has not issued a final decision, there is no administrative record in existence for the Court to review, and a new record cannot be created in the reviewing Court. *See Camp*, 411 U.S. at 142; *also see Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, (1985) (the proper remedy was for the reviewing court to remand a disclosure case back to the agency for it to render a decision

and to create an administrative record). Thus, Plaintiff's action challenging CMS's decision that has not been rendered yet is premature, and the Court does not have a whole administrative record to review. Therefore, Plaintiff failed to demonstrate that this Court has subject-matter jurisdiction under the APA to review its complaint.

## VI. CONCLUSION

For the foregoing reasons, CMS respectfully requests that the Court dismiss Plaintiff's action on the ground that CMS has not issued a final agency decision on the May 14, 2019 *Touhy* request for testimony, and grant CMS such other and further relief to which it may be entitled.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

BY:  /s/  *Jose Vela Jr.*
Jose Vela Jr.
Assistant United States Attorney
Attorney in Charge
Fed ID# 25492
Texas State Bar No. 24040072
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
713.567.9000
713.718.3303 (fax)

Email: jose.vela@usdoj.gov

ATTORNEY FOR THE DEFENDANT

OF COUNSEL:

Robert P. Charrow
General Counsel

Mervin Turner

Chief Counsel

Kermit R. Williams, III
Special Assistant United States Attorney

United States Department of Health and Human Services
Office of the General Counsel
Region VI
1301 Young Street, Suite 1138
Dallas, Texas 75202

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the *Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction* was served via electronic mail (ECF) or regular mail on October 4, 2019, to:

Joshua C. Nelson-Archer
Rymer, Echols, Slay & Nelson-Archer, P.C.
2801 Post Oak Blvd., Suite 250
Houston, TX 77056
jnelson-archer@resnlaw.com

Attorney for the Plaintiff

           /s/ *Jose Vela Jr.*
           Assistant United States Attorney